UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20272-CR-ALTMAN

UNITED STATES OF AMERICA

v.

EDWARD CORDOVEZ,

    Defendant.
_____/

**THE UNITED STATES OF AMERICA'S
FIRST RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States of America hereby files this response to the Standing Discovery Order, *see* [ECF No. 12], having produced to counsel for Defendant Edward Cordovez, on July 11, 2024, via a USB flash drive, records marked with Bates ranges EC_000001–000878. This Response has been prepared in accordance with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    The United States has produced all oral statements that were made by the Defendant in response to interrogation by a person the Defendant knew was a Government agent and that are in the United States's possession, custody, or control.

         2.    The United States has produced all (a) written or recorded statements made by the Defendant that are within the Government's possession, custody or control and that the undersigned attorney knows exist; and (b) portions of any written records containing the substance of any relevant oral statement that the Defendant made in response to interrogation by a person the Defendant knew was a Government agent.

         3.    The Defendant did not testify before the Grand Jury.

         4.    The Defendant's prior criminal record, if any exists, will be made available by the United States upon receipt.

         5.    The United States has either produced or made available for inspection, copying, and photographing all books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are within the United States's possession, custody or

1

         control and that are either material to preparing the defense, that the United States intends to use in its case-in-chief at trial, or that was obtained or belongs to the defendant. The materials disclosed to date are not necessarily copies of all the books, papers, documents, data, etc. that the Government may intend to introduce at trial.

       6.      There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D.      The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.      The United States will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

F.      The Defendant was not identified in a lineup, show up, photo array, or similar identification proceedings.

G.      The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.      The United States will timely advise the Defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

         You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.        The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.        The United States will order transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.        No contraband that could be subjected to independent chemical analysis is involved in this Indictment.

L.        The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

M.        The United States is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. If such fingerprints or DNA become available, the United States will notice the defense.

N.        To date, the United States has not received a request for disclosure of the subject matter of expert testimony that the United States reasonably expects to offer at trial. The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O.        The United States is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). Should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

[SPACE INTENTIONALLY LEFT BLANK]

The United States is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: July 19, 2024

By: */s/ Jacob Koffsky*
JACOB KOFFSKY
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Florida Bar No.: 1018115
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9386
Email: Jacob.Koffsky@usdoj.gov

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the referenced discovery is being served this day on counsel of record.

               */s/ Jacob Koffsky*
               Jacob Koffsky
               Assistant United States Attorney