UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-20272-ALTMAN

**UNITED STATES OF AMERICA**,

v.

**EDWARD CORDOVEZ**,

   *Defendant*.
_____/

## AMENDED TRIAL ORDER

The Government has filed a Motion to Continue Trial and Pretrial Deadlines (the "Motion") [ECF No. 20]. In the Motion, the Government asks the Court to continue this trial. In support, they say:

> As discovery progressed, though, the Government uncovered evidence that has led to additional charges. On August 15, 2024, a second federal grand jury in this District returned a superseding indictment against the Defendant, which charged him with the same two violations in the original Indictment and with two counts of production of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) and (e). See generally Superseding Indictment [ECF No. 19]. Each of the added counts carries with it a mandatory minimum sentence of fifteen years' imprisonment. See id. at 7. Plus, the Government anticipates that the State of Florida will bring charges against the Defendant that will arise out of the same conduct charged in this case, and the Government intends to coordinate with the State to determine whether a global resolution can be reached. There are two case agents from the Federal Bureau of Investigation ("FBI") who are handling this investigation. Each played an important role in the Defendant's arrest on June 6, 2024—one assisted with seizing the Defendant's cell phone; the other participated in the Defendant's post-Miranda interview. The Government believes it will need to call both case agents at trial; however, aside from the weeks of September 16, 2024, and September 23, 2024, they are not both available at the same time until after October 15, 2024, due to pre-planned leave. Additionally, the undersigned Assistant United States Attorney is counsel of record for the Government in the list of matters below and has learned from defense counsel in each of those cases that the parties will be proceeding to trial, as follows: a. For the week beginning September 9, 2024: United States v. Erick Jose Moreno Ruiz, 23-20500-CR-ALTMAN; b. For the two-week period beginning September 23, 2024: United States v. Delvin Thomas, 24-20271-CR-WILLIAMS; c. For the two-week period beginning October 15, 2024: United States v. Fernando Rojas, 24-60050-CR-CAHN; and d. For the two-week period beginning October 21, 2024: United States v. Jonathan Johnson, 24-20172-CR-GAYLES. Lastly, if the Court grants this Motion and

> continues the trial, the Government would also request that the Court set a new deadline for pretrial motions to be filed. The undersigned Assistant United States Attorney intended to file this Motion on August 16, 2024—the day before pretrial motions were due—but was unable to because of system-wide technical issues. For the reasons stated above, the Government respectfully request that the Court GRANT this Motion and continue the trial until the two-week period beginning November 4, 2024, in addition to all pretrial deadlines.

*Id.* at 1–3.

Having carefully reviewed the Motion, the Court agrees (for the reasons set out in the Motion) that the parties need and deserve more time. Specifically, the Court finds, under 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting this continuance outweigh the best interests of the public and the Defendant in a speedy trial. The Court further finds that, under Section 3161(h)(7)(B)(i), failure to extend the trial period would result in a miscarriage of justice, and that, under 3161(h)(7)(B)(iv), failure to extend the trial period would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

After careful review, therefore, the Motion [ECF No. 20] is **GRANTED**. The period of delay resulting from this continuance—from the day the Motion was filed, August 19, 2024, through the new trial date, November 4, 2024—shall be considered excludable time under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(h)(7)(A) & 3161(h)(7)(B). This case is thus set for a **Criminal Jury Trial** at 400 N. Miami Avenue, Courtroom 12-4, Miami, Florida, 33128, during the two-week period beginning **November 4, 2024**. A **Calendar Call** will be held at **1:30 p.m. on Tuesday, October 29, 2024**, at the same location. The deadline for the scheduling of guilty pleas is **October 29, 2024**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)). The Defendant's appearance is required **at all hearings**.

It is further **ORDERED** that:

1. All pre-trial motions and motions *in limine* must be filed by **October 15, 2024**. Each party is limited to one motion *in limine*. If there are multiple defendants, the defendants shall file one combined motion. Motions in *limine* may not, without leave of Court, exceed the page limits allowed by the Local Rules.

2. All requests for writs *ad testificandum* must be filed no later than 14 business days before the first day of the scheduled trial period.

3. All responses to the Standing Discovery Order or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted under Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence the Government wants to introduce.

4. To the extent required by Local Rule 88.9, all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications shall not be sufficient to constitute conferral. Counsel must actually speak to one another, either in person or over the phone, in a good faith effort to resolve their disputes.

5. Counsel shall be prepared to conduct limited *voir dire* after the Court's questioning of the panel. At any time before the **Calendar Call**, each party may file **no more than five** proposed *voir dire* questions for the Court to ask of the venire.

6. Before the **Calendar Call**, the parties shall submit, in Word format, *via* e-mail to altman@flsd.uscourts.gov, a single set of proposed jury instructions, including

substantive charges and defenses, and a verdict form. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form *jointly*. **Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.** <u>**Instructions proposed only by the Government shall be underlined**</u>. *Instructions proposed solely by the defense shall be italicized*. Every instruction must be supported by citations to authority. Any proposed instruction that *modifies* an instruction from the Eleventh Circuit's Pattern Jury Instructions must *both* note the modification *and* delineate the modification in redline (or track changes).

7. Before the **Calendar Call**, counsel shall file lists of proposed witnesses and exhibits. All exhibits must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically.

8. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with *all* counsel **before** the **Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

9. The Government must turn over to defense counsel all Jencks Act[1] material by the day of the **Calendar Call**. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

10. Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that Defendant requires the aid of an interpreter. In

---

[1] 18 U.S.C. § 3500.

addition, all parties must notify the Court, at least 24 hours before any hearings or trial, if an interpreter is required.

11. At least **seven days** before the scheduled trial date, defense counsel must make arrangements with the Bureau of Prisons for appropriate clothing for their in-custody clients.

12. The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.

13. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. **FURTHERMORE, PURSUANT TO CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT TO** altman@flsd.uscourts.gov.

**DONE AND ORDERED** in the Southern District of Florida on August 19, 2024.

**HON. ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**