UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20272-CR-ALTMAN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

**EDWARD CORDOVEZ,**

    **Defendant.**

_____/

## RESPONSE TO MOTION TO APPOINT COUNSEL

The defendant, Edward Cordovez, through undersigned counsel, submits the following Response to Motion to Appoint Attorney filed by Dayana Del Carmen Pelaez Molina, the defendant's wife. ECF. No. 34:

The defendant's wife, Ms. Pelaez Molina has filed a Motion to Appoint an Attorney stating that she has received 2 subpoenas to testify against her husband in this case. ECF. No. 34.  Further, she added that she does not understand her rights regarding testifying against her husband and potential criminal liability that she may face.  She also has stated that she understands that she has a spousal privileged that shields her from having to testify against her husband that she does not fully understand.  In that connection, she has requested that the court appoint an attorney to assist her in this case.[1]  ECF. No. 34.

---

[1] Ms. Pelaez Molina has also stated that she cannot afford to hire an attorney to advise her as to two government subpoenas.  The court has already found her husband, Mr. Cordovez, to be indigent and appointed counsel.

1

The spousal testimonial privilege can only be invoked by the testifying spouse and is applicable as long as the marriage is intact at the time of the testimony *United States v. Pineda-Mateo*, 905 F.3d 13 (1st Cir. 2018), *United States v. Vo*, 413 F.3d 1010 (9th Cir. 2005).

In the case of a wife who has been subpoenaed and does not wish to testify against her husband, she can assert the spousal testimonial privilege to refuse to testify. The court cannot compel her to testify against her husband, and she may invoke this privilege at the time of the trial *§ 13.02 Presentation of Evidence Generally.*, *United States v. Bahe*, 128 F.3d 1440 (10th Cir. 1997).

Here, the court should appoint counsel for the wife, Ms. Pelaez Molina, who wishes to invoke spousal privilege, does not understand the legal process, and cannot afford to hire an attorney for several compelling reasons. First, the right to counsel is a fundamental aspect of ensuring due process under the Fifth and Sixth Amendments of the U.S. Constitution. While the Sixth Amendment explicitly guarantees the right to counsel in criminal prosecutions, the Fifth Amendment's due process clause has been interpreted to require the appointment of counsel in certain civil cases where fundamental rights are at stake. In this case, the wife's right to invoke spousal privilege is a significant legal right that directly affects her autonomy and privacy. Without legal representation, she may not fully understand the implications of waiving this privilege or the proper procedure to assert it.

Second, the complexity of legal proceedings and the specific nuances of spousal privilege necessitate professional legal guidance. Spousal privilege, which includes both testimonial privilege and confidential communications privilege, can be intricate and context-dependent. The wife's lack of understanding of the legal process could lead to an unintentional waiver of her rights or a failure to properly assert the privilege. Appointing counsel ensures that she is adequately informed and can make an educated decision regarding her testimony.

Third, the court has a vested interest in maintaining the integrity of the judicial process. Ensuring that all parties understand their rights and the legal procedures involved promotes fairness and justice. In the case of *United States v. Wade*, 388 U.S. 218, 1967 U.S. Lexis 1085 (U.S. Supreme Court, 1967) the Supreme Court emphasized the importance of legal representation in safeguarding the fairness of the judicial process. Although *Wade* specifically addressed the right to counsel in criminal cases, the underlying principle of ensuring fair proceedings applies broadly. *Id.*

Fourth, the inability to afford an attorney should not preclude the wife from receiving necessary legal assistance. The principle of equal access to justice mandates that financial constraints should not disadvantage an individual in understanding and asserting their legal rights. The courts appointment of counsel in such circumstances aligns with the broader commitment to equal protection under the law as enshrined in the Fourteenth Amendment.

Finally, appointing counsel for the wife aligns with precedents where courts have taken proactive steps to ensure that individuals understand their legal rights. For instance, in cases involving the waiver of *Miranda* rights, courts have consistently required that individuals be fully informed of their rights and the consequences of waiving them. *Miranda v. Arizona,* 384 U.S. 436 (U.S. Supreme Court, 1966). Similarly, ensuring that the wife comprehends her spousal privilege rights and the potential consequences of testifying against her husband is crucial for a fair and just legal process.

In the case of *United States v. Anderson*, 39 F.3d 331 (U.S. Court of Appeals, District of Colombia Circuit, 1994), the count appointed counsel for the wife to ensure she understood her rights regarding spousal privilege. The court's primary concern was to ensure that the witness-spouse was fully aware of her rights and the implications of

waiving the privilege. *Id.* Similarly, in *United States v. Brock,* 742 F.3d 817 (7th Cir. 2013), the court emphasized the importance of the witness-spouse understanding their rights, especially if they do not have their own counsel. *Id.*

In conclusion, appointing counsel for Mr. Cordovez' wife, Ms. Pelaez Molina, who has been subpoenaed to testify against her husband is essential to protect her legal rights, ensure due process, and uphold the integrity of the judicial system. The court should take this step to guarantee that she is fully informed and can competently navigate the legal complexities of spousal privilege.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:  /s/ *Daniel L. Ecarius*
     Daniel L. Ecarius
     Assistant Federal Public Defender
     Florida Bar No. 719765
     150 W. Flagler Street, Suite 1700
     Miami, FL 33l30-7000
     Telephone No. (305) 530-7000
     Email: daniel_ecarius@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel L. Ecarius*
Daniel L. Ecarius

4

5